William Scott DAVIS, Jr.,
Plaintiff—Appellant,

v.

Scott L. WILKINSON, Defendant—
Appellee.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

Richard Durham, Attorney,
Defendant—Appellee.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

Barbara Pembroke, individually and her
official capacities as foster mother
representing Wake County North Carolina, Defendant—Appellee.

William Scott Davis, Jr., Personally,
next best friend of J.F.D., a Minor
Child, Plaintiff—Appellant,

v.

Danille Doyle; Michele Savage, Wake
County, North Carolina, Cary Police
Detective; Nancey Berson, Orange
County, North Carolina; Mark D. Everson; UNC, Program on Childhood
Trauma and Maltreatment; Wake
County, North Carolina School District; Elane Hoffelt; Melanie A.
Shekita, Wake County Assistant District Attorney, Defendants—Appellees.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

State of North Carolina, Governor Bev
Perdue, Office of the Governor; Wake
County Guardian Ad Litem Program;
Wake County Department of Human
Services; Wake County Attorney's Office; University of North Carolina at
Chapel Hill, School of Medicine, Program on Childhood Trauma and Maltreatment, Nancy Berson; Town of
Cary North Carolina; Town of Cary

North Carolina Police Department;
Michelle Savage, individually and in
official capacity as a detective of the
Cary North Carolina Police Department, Defendants—Appellees.

William Scott Davis, Jr., next best
friend of J.F.D., a minor child,
Plaintiff—Appellant,

v.

Michele Jaworski, Defendant—
Appellee.

William Scott Davis, Jr., next best
friend of J.F.D., a Minor Child,
Plaintiff—Appellant,

v.

Danille Doyle, individually, and in his
official capacities as Wake County Social Worker representing Wake County, North Carolina Human Services,
Defendant—Appellee.

William Scott Davis, Jr., next best
friend of J.F.D., a minor child,
Plaintiff—Appellant,

v.

Danielle Doyle, Child Protective Services, Social Worker of Wake County
Human Services, of Cary North Carolina in her individual and official
capacities; Ramon Rajano, Director,
Wake County Human Services of Raleigh, North Carolina in his individual
and official capacities; David Cooke,
Manager, Wake County Government
of Raleigh, North Carolina in his individual and official capacities; Beverly
Perdue, Governor, State of North Carolina in her official and individual
capacities in County of Wake, City of
Raleigh, North Carolina; Eric Craig
Chasse, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City
of Raleigh, North Carolina; Monica
M. Bousman, Judge, State of North
Carolina in her official and individual

capacities in the County of Wake, City of Raleigh, State of North Carolina; Lori Christianson, Judge, State of North Carolina in her official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; Vinston Rozier, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; James Fullwood, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; Robert Radar, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; Paul Ridgeway, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; Donald Stephens, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; John Smith, Judge, State of North Carolina in his official and individual capacities in the County of Wake, City of Raleigh, State of North Carolina; Albert J. Singer, Attorney, Wake County Human Services of Raleigh, North Carolina in his individual and official capacities as a Wake County Movement Employee in the State of North Carolina; Board of Directors, Wake County Government in their seven individual and official capacities; Melanie A. Shekita, Prosecutor ADA, Wake County in her individual and official capacities on behalf of the State of North Carolina; Michelle Savage, Detective, Wake County Law Enforcement Officer in her individual and official capacities as a Cary, North Carolina Police Officer for the Cary, North Carolina Police Department; Scott Cunningham, Chief of Police, Cary North Carolina Police Department of Wake County North Carolina; Pat Bazemore, Chief of Police, Cary North Carolina Police Department of Wake County, North Carolina; Irvin Leggett, individually and in his official capacities as a Cary, North Carolina Police Law Enforcement Officer of Cary North Carolina; Gregory Savage, individually and in his official capacities as a Cary North Carolina Police Law Enforcement Officer of Cary, North Carolina; Ron Margiotta, Wake County Board of Education, Chairman of the Board, individually and in his official capacity; Del Burns, Superintendent, Wake County Public School System, individual and official capacities; Donna Hargens, Dr., acting Superintendent Wake County Public School System, individually and in her official capacities; Sherry Schliesser, Principal, Wake County Public School System of Kingwood Elementary School, Cary North Carolina, Wake County, North Carolina; Elane Hoffelt, Lead Secretary, Wake County Public School System of Kingwood Elementary School, Cary, North Carolina, Wake County, North Carolina; Kristie Lewis, Counselor, Wake County Public School System of Kingwood Elementary School, Cary, North Carolina of Wake County, North Carolina, Defendants— Appellees.

William Scott Davis, Jr., next best friend of J.F.D., a Minor Child, Plaintiff—Appellant,

v.

Richard Crouthermel, individually, and in His official capacities as Wake County Attorney Advocate representing Wake County North Carolina Guardian Ad Litem Program, Defendant—Appellee.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

State of North Carolina, Governor Beverely Perdue, individually and in her official capacity as governor, and predecessor Mike Easley, individually and official capacity as governor; The State of North Carolina Department of Health and Human Services; Wake County Government, David Cook individually, and in his official capacity as county manager of Wake County, North Carolina; Wake County Department of Human Services, a North Carolina Agency; Ramon Rajano, Warren Ludwig, John Tanner, Vanessa Clifton, Gaye Styron, Lillian Overton; Wake County Attorney's Office, a Wake County Government agency, attorney Scott Warren, Albert J. Singer, Melinda W. Cope, Elizabeth Clary; County Human Services Board, Chairman Mr. William L. (Bill) Stanford individually and in his official capacity as chairman of the county human services board, of Wake County Department of Health and Human Services; Danielle Doyle, Audrey Richardson, Lisa Sellers, Jan Magri, Peggy Wallace, Tammy Patterson, Allison Thompson, Sonji Carlton; Sandricka Williams, Barbara Pembroke, individually and in their official capacities as foster care mothers on behalf of Wake County, Department of Health and Human Services; Mike Cook, Marie Blake, Tracey Wall, Nancy Dixon, individually and in official capacities as directing supervisor, case managers, and supervisors of Wake County Government child support enforcement on behalf of human services of Wake County, North Carolina, Defendants—Appellees.

William Scott Davis, Jr., next best friend of J.F.D., a minor child, Plaintiff—Appellant,

v.

Albert J. Singer, Defendant—Appellee.

William Scott Davis, Jr., next best friend of J.F.D., a Minor Child, Plaintiff—Appellant,

v.

Eric Craig Chasse, individually, and in his official capacities as North Carolina State Judge representing the State of North Carolina, Defendant—Appellee.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

James A. Hunt, Defendant—Appellee.

William Scott Davis, Jr., Plaintiff—
Appellant,

v.

Town of Cary North Carolina; Town of Cary North Carolina Police Department; Michelle Savage, individually and in official capacity as a detective of the Cary North Carolina Police Department; Gregory Savage, individually and in official capacity as a police officer of the Cary North Carolina Police Department; Scott Cunningham, individually and in his official capacity as Chief of Police of the Cary North Carolina Police Department; Pat Bazemore, individually and in his official capacity as Chief of Police of the Cary North Carolina Police Department, successor to Chief Scott Cunningham, Defendants—Appellees.

William Scott Davis, Jr., Next best Friend to Natural Minor Child J.F.D, Plaintiff—Appellant,

v.

Wake County Department of Human Services, Ramon Rajano, Warren Ludwig, John Tanner, Wake County Attorney's Office County Attorney, Wake County Attorney's Office Attorney, Albert J. Singer, Defendant—Appellee.

William Scott Davis, Jr., next best friend of J.F.D., a Minor Child, Plaintiff—Appellant,

v.

Susan Vick, Attorney Advocate for the Wake County Guardian Ad Litem program individually and in her official capacities; Charlotte Mitchell, Guardian Ad Litem individually and in her official capacities, Defendants—Appellees.

Nos. 11–1386, 11–1389, 11–1406, 11–1407, 11–1409, 11–1411, 11–1416, 11–1418, 11–1419, 11–1420, 11–1422, 11–1435, 11–1463, 11–1559, 11–1560, 11–1566.

United States Court of Appeals, Fourth Circuit.

Submitted: Aug. 18, 2011.

Decided: Aug. 22, 2011.

William Scott Davis, Jr., Appellant Pro Se.

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, Jr., appeals the district courts' orders denying relief on his 42 U.S.C. § 1983 (2006) complaints. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district courts. *Davis v. Durham*, No. 5:11–cv–0036–H (E.D.N.C. Mar. 11, 2011); *Davis v. Pembroke*, No. 4:11–cv–00016–RBS–DEM (E.D. Va. filed E.D. Va. Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Doyle*, No. 4:11–cv–00018–RBS–DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. North Carolina*, No. 4:11–cv–00015–cv–RBS–DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Jaworski*, No. 4:11–cv–00019–RBS–DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Doyle*, No. 4:11–cv–00013–RBS–DEM (E.D. Va. filed Jan. 26, 2011); *Davis v. Doyle*, No. 4:11–cv–00014–RBS–DEM (E.D.Va. Jan. 26, 2011); *Davis v. Crouthermel*, No. 4:11–cv–00017–RBS–DEM (E.D.Va. Jan. 26, 2011); *Davis v. North Carolina*, No. 4:11–cv–00011–RBS–

DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Singer*, No. 4:11–cv–00012–RBS–DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Chasse*, No. 4:11–cv–0020–RBS–DEM (E.D. Va. filed Jan. 26, 2011 & entered Jan. 27, 2011); *Davis v. Town of Cary North Carolina*, No. 4:11–cv–00006–RBS–DEM (E.D.Va. Jan. 24, 2011); *Davis v. Wake Cnty. Dep't of Human Servs.*, No. 4:11–cv–00008–RBS–DEM (E.D.Va. Jan. 24, 2011); *Davis v. Vick*, No. 4:11–cv–00009–RBS–DEM (E.D.Va. Jan. 26, 2011).

In appeals 11–1386 and 11–1463, the district court referred the case to a magistrate judge pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2006 & Supp.2011). The magistrate judge recommended that relief be denied and advised Davis that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Davis has waived appellate review by failing to timely file objections after receiving proper notice.

Based on the foregoing, we affirm the judgment of the district courts in these appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*